UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MARY D. KOOB,**
          **Plaintiff**

**v.**                                                                             **Civil Action Number**
                                                                                                3:06CV394-J

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
                             **Defendant**

## MEMORANDUM OPINION

This matter is before the Court on plaintiff Mary Koob's request for review of the decision of the defendant Commissioner denying her claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed her application on September 16, 2003, alleging that she had been unable to engage in any substantial gainful employment since January of 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Koob's lumbar and cervical degenerative disc disease represented a severe impairment, but that she retained the capacity for performing her previous work as an assembler, bartender/server, and restaurant manager.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>N.L.R.B. v. Columbian Enameling and Stamping Co.</u>, 306

U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988).

There is no dispute concerning the fact that Ms. Koob suffers from a condition that can and does cause her pain. The central issue concerns the level of that pain. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ. <u>Gaffney v. Bowen</u>, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." <u>Moon v. Sullivan</u>, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." <u>Walters v. Commissioner</u>, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. <u>Walters v. Commissioner</u>, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. <u>Auer v. Secretary</u>, 830 F.2d 594, 595 (6th Cir. 1987).

In this case, Ms. Koob testified that her pain is severe and distracting. The ALJ found that testimony to be only partially credible. Tr 18. To support that conclusion, the ALJ cited specific ways in which the testimony was in conflict with the physical findings, her daily activities, and her course of treatment. The ALJ pointed to a normal bone scan and to MRIs showing mild bulging and degeneration, with no evidence of compromise or encroachment. Tr. 155-156, 264. The ALJ noted treating physician records showing normal reflexes, muscle

strength and tone, and ambulatory ability. Tr. 157-158.

Ms. Koob testified that she did not often have pain in her neck and that it did not affect her arms and hands. Tr. 316. She testified that on her better days, she can do some driving, grocery shopping, dishes, laundry, dusting, and bed-changing. Tr. 310-311. She testified that the day of the hearing was one of her good days, and she rated her pain at a six or seven. Tr. 312-313.

With regard to course of treatment, the ALJ observed that only conservative treatment had been offered and surgery was not advised. Tr. 18. She takes Neurontin and Robaxin on a regular basis. In addition, her family doctor has prescribed Vicodin to be taken as needed. The ALJ pointed to treating physician records that indicated some concern about her use of narcotic medications, noting the implication that her pain did not require narcotics. The ALJ observed that she was considered stable on Robaxin, and that no treating physician has recorded any permanent work restrictions.

Finally, the ALJ noted his observations of the witness at the hearing: "She was not in any outward distress and responded appropriately to questions with no indication of distraction due to pain or any other cause." Tr. 18. Plaintiff is concerned that this represented denial of benefits based on application of a "sit and squirm" test. The Court cannot agree. The applicable authority has consistently held that a rejection of pain testimony cannot be made *solely* on the basis of the ALJ's observations of the witness, but it has just as consistently held that the recorded observations of the hearing examiner are valuable as one of the factors to consider in making a credibility determination. "[T]he ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98,

101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

In this case, the ALJ committed no legal error in conducting his credibility analysis. He considered a range of factors – objective test results, clinical records, physician-imposed restrictions, daily activities, course of treatment – of which his own observation was but one. As there is no legal error, and as substantial evidence exists to support the ALJ's findings, any suggestion that an alternative finding might have been supported by the evidence is irrelevant. Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Under the applicable standard of review, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

An order in conformity has this day entered.